IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MESCO MANUFACTURING, LLC | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-04875-JPH-MG |
| | ) | |
| MOTORISTS MUTUAL INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT

Comes now Plaintiff, Mesco Manufacturing, LLC, by counsel, for its Amended Complaint against Motorists Mutual Insurance Company and says:

### JURISDICTIONAL STATEMENT

1. Plaintiff has its principal place of business is in Indiana.

2. Plaintiff is incorporated in Indiana.

3. Plaintiff has three members: Bryan Messer, Clifford Mason, and Mark Sain.

4. Bryan Messer is a citizen of the state of Indiana.

5. Clifford Mason is a citizen of the state of Illinois.

6. Mark Sain is a citizen of the state of California.

7. Defendant is an insurance company organized under Ohio law.

8. Defendant's principal place of business is in Ohio.

9. Complete diversity exists between the parties because they are citizens of different states.

10. The damages sought exceed $75,000, exclusive of interest and costs.

## VENUE

11. The Plaintiff's business is in Decatur County, Indiana.

12. All relevant events took place in Decatur County, Indiana.

## COUNT I: BREACH OF CONTRACT

13. Plaintiff reincorporates all prior allegations.

14. Defendant insured Plaintiff's business under policy number 33.299898-90E.

15. Said Policy provided property coverage on an all risk basis where all losses are covered unless excluded. A true and accurate copy of the policy is included as Exhibit 3.

16. During the policy period Plaintiff's property suffered a covered loss on or about August 25, 2018, from hail.

17. Defendant assigned the loss claim number 5733292.

18. Hail damage to covered property is covered under the Policy.

19. The parties disagreed as to the amount of the covered loss.

20. The parties agreed to have the loss decided through the appraisal process provided in the policy.

21. The appraisal provision in the policy provides:

Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding.

    Each party will:
    a. Pay its chosen appraiser; and
    b. Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

22. Nick Banks served as Plaintiff's appraiser.

23. Geoff Young served as Defendant's appraiser.

24. Bart Myers served as the umpire.

25. These three persons made up the appraisal panel.

26. Pursuant to the appraisal provision in the policy, the appraisal panel was to determine the amount of the covered loss.

27. On September 27, 2019, the appraisal panel issued an appraisal award.

28. A true and accurate copy of the appraisal award is included as Exhibit 1.

29. The appraisal award was signed by two of the three members of the appraisal panel.

30. The appraisal award states the amount of the replacement cost value of the loss to be $1,020,490.32.

31. The appraisal award states the amount of the actual cash value of the loss to be $894,733.82.

32. The umpire determined that all of the damage in his estimate was caused by hail. (Exhibit 2).

33. On November 5, 2019, Plaintiff submitted a Sworn Proof of Loss to Defendant.

34. A true and accurate copy of the Sworn Proof of Loss is included as Exhibit 2.

35. The Sworn Proof of Loss contained the appraisal award, an estimate from Frontier Adjusters, and the Umpire's Decision dated September 25, 2019.

36. Pursuant to the Policy, Defendant had only 30 days to move to set aside the appraisal award.

37. The Policy states:

    We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this coverage form and:

    (1) We have reached agreement with you on the amount of loss; or
    (2) An appraisal award has been made.

38. The appraisal award was subject to the deductible and prior payments.

39. The deductible was $2,500.

40. Before the appraisal award, Defendant issued only one payment for $5,306.75.

41. Defendant first adjusted the actual cash value of the loss to be only $7,806.75.

42. Defendant issued a payment for $265,296.21 after the appraisal award.

43. Defendant breached the policy by not paying the actual cash value of the appraisal award in the amount of $894,733.82 minus the deductible and prior payments.

44. Plaintiff intends on replacing the damaged property.

45. Defendant also breached the policy by not agreeing to pay the replacement cost value of the appraisal award of $1,020,490.32.

46. Plaintiff did not cash the check for $5,306.75 and that amount remains outstanding.

47. Plaintiff is owed an additional $752,694.11 for a total of $1,017,990.32, pursuant to the appraisal award.

48. After the award, additional investigation has revealed that in order to replace the roof over the manufacturing facility, the facility will need to be protected. The cost to protect the machinery during the repairs is $382,300. This cost was not incorporated into the

appraisal award; and this issue was not considered by the appraisal panel and is an additional amount owed by Motorist Mutual for this loss.

49. Based upon this additional cost to conduct the repairs, Plaintiff is owed a total of $1,134,694.11 by Motorist Mutual to conduct the repairs.

WHEREFORE, Plaintiff, Mesco Manufacturing, LLC, prays for judgment against Defendant, Motorists Mutual Insurance Company, in an amount which will fully, fairly and adequately compensates it for all damages recoverable under Indiana law for breach of contract including compensatory damages, and consequential damages, for costs of this action, for prejudgment interest, and for all other just and proper relief in the premises.

## COUNT II: DECLARATORY JUDGMENT

50. Plaintiff reincorporates all prior allegations.
51. The Policy provides for replacement cost coverage benefits to repair or replace the damage from the hail storm.
52. The amount of the covered replacement cost to repair or replace the storm damage is $1,402,490.32.
53. Defendant has denied that this is replacement cost value of the covered loss.
54. Defendant clams the replacement cost value is $287,241.33.
55. A present and existing controversy exists between Plaintiff and Defendant as to the amount that Defendant should pay under the Policy for replacement cost benefits under the Policy.

WHEREFORE Plaintiff prays for judgment declaring that:

1. The replacement cost for the damage that should be covered under the Policy is $1,402,490.32.

2. After replacement of the damaged property Defendant must pay to Plaintiff $1,402,490.32 minus the deductible of $2,500.

3. For all other just and proper relief in the premises.

### COUNT III: BAD FAITH

56. Plaintiff reincorporates all prior allegations.

57. Defendant owed Plaintiff a duty of good faith and fair dealing.

58. The duty of good faith and fair dealing required Defendant to thoroughly investigate the claim for covered damage.

59. Defendant wrongly and maliciously denied open and obvious hail damage for the purpose of shortchanging the policyholder.

60. Defendant's own expert agreed that the hail damage to the metal roof was open and obvious; yet Defendant did not include it in the initial estimate of the claim.

61. Defendant deceived the policyholder by misrepresenting that there was only minor damage.

62. Defendant also made an unfounded delay and refusal of claim payments by not paying the appraisal award.

63. Additional evidence of Defendant's malicious intent to short-change the policyholder is that Defendant initially adjusted this claim and found only $7,806.75 in covered damage.

64. However, after the appraisal award was issued, it admitted it owed an additional $265,296.21, but still continued to shortchange the policyholder by not paying the remaining amount of the award.

65. As detailed in the Umpire's Decision, the hail was very large, and the damage was open and obvious.

66. Defendant also retained an engineer who was biased and made a decision based upon the opinion of a biased engineer rather than the umpire simply because it would result in a lower claim payment.

67. Defendant also retained a biased appraiser whom it controlled, which was a manipulation of the appraisal process because the appraisal clause required retention of an impartial appraiser.

68. Plaintiff also made video of the damage available to the Defendant, but the Defendant refused to look at it.

69. Based on the foregoing, Defendant has breached its duty of good faith and fair dealing.

WHEREFORE, Plaintiff prays for judgment against Defendant, Motorists Mutual Insurance Company, in an amount which will fully, fairly and adequately compensates it for all damages recoverable under Indiana law for Motorists Mutual Insurance Company's breach of its duty of good faith and fair dealing, for costs of this action, for punitive damages, and for all other just and proper relief in the premises.

## JURY DEMAND

Plaintiff demands trial by jury on all issues herein.

Respectfully submitted,


 /s/William D. Beyers
William D. Beyers, #28466-49
BUCHANAN & BRUGGENSCHMIDT, P.C.
80 E. Cedar St.
Zionsville, Indiana  46077
Telephone:  (317) 873-8396
Facsimile:  (317) 873-2276
bbeyers@bbinlaw.com

David Miller #31855-32
Saeed & Little, LLP
18 W. Vermont St.
Indianapolis, IN 46204
Telephone:  (317) 721-9214
david@sllawfirm.com


Attorneys for Mesco Manufacturing LLC