UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MESCO MANUFACTURING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04875-JPH-MG |
| | ) | |
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Motorists Mutual Insurance Company has moved for reconsideration of the Court's order granting Mesco Manufacturing, LLC partial summary judgment and denying Motorists partial summary judgment. For the reasons that follow, that motion is **DENIED**. Dkt. [99].

I.
**Facts and Background**

Mesco sued Motorists alleging that it breached their insurance contract by failing to pay the full amount of Mesco's claim for hail damage to its facilities' roofs. Dkt. 54. The parties filed cross-motions for summary judgment on the breach of contract claim. Dkts. 61, 64. Their arguments centered on the meaning of the policy's appraisal provision:

> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. . . . The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. . . .

> If there is an appraisal, we [Motorists] will still retain our right to deny the claim.

Dkt. 54-3 at 43.

The Court concluded that under the appraisal provision, (1) the umpire's appraisal award was "binding" as to the determination that the roof damage was caused by hail and the corresponding amount of loss, dkt. 94 at 12–13, and (2) the "right to deny" clause did not give Motorists the unfettered right to disregard the umpire's award if it disagreed about the amount of loss caused by hail, but instead reserved Motorists' right to deny the claim for other reasons, *id.* at 11–12. Because the only dispute was whether the damage was caused by hail—which the umpire had determined it was—the Court found that Motorists had breached the policy by failing to pay the "binding" appraisal award. *Id.* at 13–14.

Motorists has moved for reconsideration of that decision under Federal Rule of Civil Procedure 59(e), s*ee* dkt. 99, dkt. 100, which permits motions to "alter or amend a judgment." Here, no judgment has been entered so the Court construes the motion as being brought pursuant to Federal Rule of Civil Procedure 54(b), which allows any order to "be revised at any time before the entry of judgment."

## II.
## Applicable Law

A party may move for reconsideration of a non-final order under Federal Rule of Civil Procedure 54(b). *Galvan v. Norberg,* 678 F.3d 581, 587 (7th Cir. 2012). "Motions for reconsideration serve a limited function: to correct

2

manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Manifest errors exist when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Manifest error may also be shown when the court engaged in "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269–70.

## III.
## Analysis

Motorists argues that the Court's Order constitutes manifest error because "disputes of causation . . . are to be left to the courts." Dkt. 100 at 4. Mesco argues that Motorists has not shown any manifest error and that Motorists' motion simply repackages the arguments it previously raised in the summary judgment briefing and relies on cases that it could have cited in its summary briefing. Dkt. 105 at 1.

Motorists first argues that the Order conflicts with prior decisions of the Southern District of Indiana. Dkt. 100 at 4–7. But Motorists previously cited

3

those decisions in its briefing on the motions for partial summary judgment. Dkt. 65 at 6; dkt. 66 at 7–9; dkt. 70 at 9.  And the Court explained why it did not follow them: "To the extent that Motorists cites cases from this district that have found that causation is an issue preserved for the Court to determine after appraisal . . . those cases predate [*Villas at Winding Ridge v. State Farm Fire & Casualty Co.*, 942 F.3d 824, 830 (7th Cir. 2019)] where the Seventh Circuit upheld the umpire's award, and 'scope of loss' decision, as binding." Dkt. 94 at 13 n.4.[1]  A motion for reconsideration is not the "appropriate forum for rehashing previously rejected arguments." *Caisse Nationale*, 90 F.3d at 1269–70.

Motorists next argues that the Court's Order conflicts with Indiana Court of Appeals precedent, but the cases that Motorists cites were available for Motorists to cite and argue in the underlying summary judgment briefing.  Dkt. 100 at 4–6 (citing *Westfield Nat. Ins. Co. v. Nakoa*, 963 N.E.2d 1126, 1134 (Ind. Ct. App. 2012); *Weidman v. Erie Ins. Grp.*, 745 N.E.2d 292, 297-98 (Ind. Ct.

---

[1] Motorists argues that the Court's Order contradicts *Legend's Creek Homeowners Assoc. v. Travelers Indem. Co. of Am.*, 2021 WL 2186437, *3 (S.D. Ind. May 28, 2021), but the portion of that order that Motorists cites is a reiteration of one party's argument, not a reasoned holding of the case.  *See* dkt. 100 at 7.  Regardless, the issue in that case was the timeliness of the insured's attempt to invoke the appraisal process, not a challenge to an appraisal award.  *See Legend's Creek Homeowners Assoc. v. Travelers Indem. Co. of Am.*, 33 F.4th 932, 935–37 (7th Cir. 2022) (affirming grant of summary judgment to insurer because "Legend's Creek had no right under the policy to petition the district court to compel Travelers to submit to the appraisal process outside the two-year suit limitation, and therefore the so-called award is void.").  Neither *Legend's* decision addressed whether a timely appraisal's determination of the factual cause of a loss was binding.

4

App. 2001)).[2]  Reconsideration is not the place for "arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F.3d at 1269–70.

Regardless, *Westfield* and *Weidman* don't contradict the Court's Order because neither case held that an appraisal award cannot be binding on the issue of causation.  *Westfield* found an appraisal award wasn't binding because the umpire's award explicitly stated the amount was only owed "'*if* the Court finds coverage for this loss." 963 N.E.2d at 1134.  And *Weidman* found that, based on the policy's limitation that payment could not exceed the smaller of the replacement cost or the amount actually spent on the repair, the court "must conclude that the Appraisal Amount and Award determine the amount of Weidman's loss only, and other provisions in the policy govern the extent of Erie's liability for that loss."  745 N.E.2d at 298.  Therefore, *Westfield* and *Weidman* do not render the Court's Order a "manifest error of law." *Caisse Nationale*, 90 F.3d at 1269.

In sum, Motorists's motion doesn't establish that the Court engaged in "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto*, 224 F.3d at 606.  Instead, the motion is based on arguments that the Court previously rejected and arguments that could have been raised in its summary judgment briefs.

---

[2] *Weidman* appears once in Motorists's briefs, dkt. 66 at 8, but it was not substantively relied on: it appears only within a block quote from *Philadelphia Indem. Ins. Co. v. WE Pebble Point*, 44 F. Supp. 3d 813, 818 (S.D. Ind. 2014).

## III.
## Conclusion

The motion for reconsideration is **DENIED.** Dkt. [99].

After the Order on Cross-Motions for Partial Summary Judgment was entered, the parties filed a joint dismissal of Mesco's bad faith claim. Dkt. 108. Thus, it appears that liability has been resolved and the final issue is the precise damages Mesco is entitled to in a judgment.

The parties **SHALL CONFER** about whether a stipulated amount of damages can be reached and file an update by **September 1, 2023**.

**SO ORDERED.**

Date: 8/18/2023

Distribution:

All electronically registered counsel

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana