UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MESCO MANUFACTURING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04875-JPH-MG |
| | ) | |
| MOTORISTS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

Motorists Mutual Insurance Company has moved for the Court to certify for interlocutory appeal its summary judgment order, dkt. 94, and reconsideration order, dkt. 111, and to stay the proceedings in this case. *See* Dkt. 115. Because Motorists has not presented a controlling question of law as required by 28 U.S.C. § 1292(b), that motion is **DENIED**. Dkt. [115].

**I.
Legal Standard**

A court may grant an interlocutory appeal under 28 U.S.C. § 1292(b) when the district court judge believes that a decision contained (1) a controlling question of law, (2) to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See also Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675-76 (7th Cir. 2000) ("[T]here must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation.") Generally,

1

interlocutory appeals are discouraged because of their potential to interrupt and delay litigation. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012).

## II.
## Analysis

Motorists moves to appeal the following question: "whether *Villas [at Winding Ridge v. State Farm Fire & Casualty Co.*, 942 F.3d 824, 830 (7th Cir. 2019)]* changed well-settled law to bar insurers from denying coverage and asserting defenses—including that the damage or a portion of it is outside the contractual scope of coverage—after an appraisal has taken place to determine the amount of loss." Dkt. 115 at 3 (cleaned up).

Controlling questions of law refer "to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment had raised a genuine issue of material fact." *Ahrenholz*, 219 F.3d at 676.  The Seventh Circuit has held that "the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself" is not "what the framers of section 1292(b) had in mind" as a question of law.  *Id.* (citing *Downey v. State Farm Fire & Casualty Co.*, No. 00–8009 (7th Cir. May 18, 2000) (declining to take an appeal in a contract case regarding flood insurance)).  *See also Sauter v. Perfect North Slopes, Inc.*, 993 F. Supp. 2d 926, 936 (S.D. Ind. Jan. 3, 2014) (noting that district courts faced

with contract interpretation issues for interlocutory appeals routinely deny such petitions).

Like in *Downey*, Motorists's question—specifically, whether an appraisal contract provision allows Motorists to "deny[] coverage and assert[] defenses—including that the damage or a portion of it is outside the contractual scope of coverage—after an appraisal has taken place to determine the amount of loss"—is a question on contract interpretation.  Dkt. 115.  While Motorists frames the question as whether *Villas* changes "well-settled law", ultimately the resolution of this case is boils down to whether Motorists was contractually allowed to dispute the appraisal award, making this "a question of a meaning of a contract."  *Ahrenholz*, 219 F.3d at 676.  Because Motorists has not presented a question of law under § 1292(b), its motion for certification is denied.  *Ahrenholz*, 219 F.3d at 676; *Sauter*, 993 F. Supp. 2d at 936.[1]

### III.
### Conclusion

Since Motorists has not presented a controlling question of law as required by 28 U.S.C. § 1292(b), its motion for certification for interlocutory appeal and stay of proceedings is **DENIED**.  Dkt. [115].

According to a recent status update, the parties are unable to stipulate to damages until there was a final, unappealable order in this case.  Dkt. 114.  Since this order resolves that issue, the parties **SHALL CONFER** on whether a

---

[1] Because Motorists has not presented a controlling question of law, the Court does not evaluate the other factors under § 1292(b), as those factors are "conjunctive, not disjunctive." *Ahrenholz*, 219 F.3d at 676.

3

stipulated amount of damages can be reached and file an update by **December 10, 2023.**

**SO ORDERED.**

Date: 12/1/2023

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel